IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN PRESCOTT,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>RICOLA USA, INC.,<br><br>　　　　Defendant. | Case No. 23-cv-02983-MMC<br><br>**ORDER GRANTING DEFENDANT RICOLA USA'S MOTION FOR JUDGMENT ON THE PLEADINGS** |

Before the Court is defendant Ricola USA, Inc.'s ("Ricola") "Motion for Judgment on the Pleadings," filed March 22, 2024. Plaintiff Steven Prescott ("Prescott") has filed opposition, to which Ricola has replied. Having read and considered the papers filed in support of and in opposition to the motions, the Court rules as follows.[1]

## BACKGROUND

Ricola is a New Jersey corporation with a principal place of business in New Jersey. (See Complaint ("Compl.") ¶ 30, Doc. No. 1.) Prescott, a "citizen of California" (see id. ¶ 50), alleges he purchased cough suppressant and oral anesthetic lozenges (hereinafter, "the Product") manufactured by defendant "between July 2020 and May 2023" (see id. ¶¶ 1, 37). He alleges he made such purchases in reliance on representations made by Ricola on the Product's label and "in digital, print, and/or social media . . . through in-store, digital, audio, and print marketing." (See id. ¶ 40.)

//

---

[1] By order filed April 19, 2024, the Court took the matter under submission. (See Doc. No. 27.)

Specifically, plaintiff alleges he "believed and expected" the Product "functioned as a cough suppressant and oral anesthetic due to the presence of herbal ingredients" on the front label (see id. ¶ 38) but, as the back label discloses, the only active ingredient is menthol (see id. ¶ 17). Plaintiff alleges Ricola's failure to "include the drug ingredient of menthol" on the Product's front label "renders its labeling misleading to consumers." (See id. ¶ 25.)

Based on said allegations, Prescott, on his own behalf and on behalf of a putative class, asserts the following claims for relief: (1) "Violation of California's Unfair Competition Law, Cal. Bus. & Prof. Code § 17200, et seq."; (2) "Violation of California's False Advertising Law, Cal. Bus. & Prof. Code § 17500, et seq."; (3) "Violation of California's Consumers Legal Remedies Act," Cal. Civ. Code § 1750, et seq."; (4) "Breach of Express Warranty and Implied Warranty of Merchantability/Fitness for a Particular Purpose"; (5) "Unjust Enrichment".

By the instant motion, Ricola seeks an order granting it judgment on the pleadings. As to the last two claims, the motion is unopposed. (See Pl.'s Opp'n. to Def.'s Mot. for J. on Pl. ("Pl.'s Opp'n.") at 1 n.1, Doc. No. 25 ("withdraw[ing] . . . claims for breach of warranty and unjust enrichment").)

**LEGAL STANDARD**

A Rule 12(c) motion for judgment on the pleadings may be brought at any time "[a]fter the pleadings are closed," but "early enough not to delay trial." See Fed. R. Civ. P. 12(c). The standard applicable to the Court's resolution of a Rule 12(c) motion is the same as the standard applicable to a Rule 12(b) motion to dismiss for failure to state a claim. See Cafasso v. Gen. Dynamics C4 Sys., Inc., 637 F.3d 1047, 1054 n.4 (9th Cir. 2011) ("Rule 12(c) is 'functionally identical' to Rule 12(b)(6) and . . . 'the same standard of review' applies to motions brought under either rule.").

Dismissal under Rule 12(b)(6) of the Federal Rules of Civil Procedure "can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." See Balistreri v. Pacifica Police Dep't, 901 F.2d 696,

699 (9th Cir. 1990). Rule 8(a)(2), however, "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief.'" See Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Fed. R. Civ. P. 8(a)(2)). Consequently, "a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations." See id. Nonetheless, "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." See id. (internal quotation, citation, and alteration omitted).

In analyzing a motion to dismiss, a district court must accept as true all material allegations in the complaint and construe them in the light most favorable to the nonmoving party. See NL Indus., Inc. v. Kaplan, 792 F.2d 896, 898 (9th Cir. 1986). "To survive a motion to dismiss, a complaint must contain sufficient factual material, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570).

In deciding the motion, a court may consider "(1) exhibits to the non-moving party's pleading, (2) documents that are referred to in the non-moving party's pleading, or (3) facts that are included in materials that can be judicially noticed." See Yang v. Dar Al-Handash Consultants, 250 Fed. App'x 771, 772 (9th Cir. 2007).[2] Courts "are not bound to accept as true," however, "a legal conclusion couched as a factual allegation." See Iqbal, 556 U.S. at 678 (internal quotation and citation omitted).

//
//

---

[2] Defendant requests the Court take judicial notice of the entirety of the Product's back label. (See Def.'s Request for Judicial Notice, Doc. No. 24.) Under the incorporation by reference doctrine, the Court may consider "documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the [p]laintiff's pleading." See Davis v. HSBC Bank Nevada, N.A., 691 F.3d 1152, 1160 (9th Cir. 2012). Plaintiff, who includes in the Complaint an image from the back label (see Compl. ¶ 17), does not contest the authenticity of defendant's submission nor oppose the request. Accordingly, the request for judicial notice is hereby GRANTED.

## DISCUSSION

### I. Preemption under the Food, Drug, and Cosmetic Act

Defendant first argues plaintiff's claims "are preempted" by the Food, Drug and Cosmetic Act, 21 U.S.C. § 301 et seq. ("FDCA"). (See Def.'s Mot. for Judgment on the Pleadings ("Def.'s Mot.") at 13:11, Doc. No. 23.)

Under the Supremacy Clause of the Constitution, state laws are preempted if they "interfere with, or are contrary to the laws of Congress." See Gibbons v. Ogden, 22 U.S. 1, 211 (1824). State laws are "express[ly] preempted" where Congress "withdraw[s] specified powers from the States by enacting a statute containing an express preemption provision," and are "implied[ly] preempted" where "Congress . . . has determined [a field] must be regulated by its exclusive governance" or "state laws . . . conflict with federal law." See Arizona v. United States, 567 U.S. 387, 399 (2012); Eidson v. Medtronic, Inc., 981 F.Supp.2d 868, 880 (N.D. Cal. 2013) (discussing "implied preemption").

#### A. Express Preemption

The FDCA expressly preempts any state law that "establish[es] or continue[s] in effect any requirement" that is "different from or in addition to . . . a requirement under [the FDCA]." See 21 U.S.C. § 379r(a). State law consumer protection claims seeking to impose requirements that diverge from the FDCA's requirements are thus subject to dismissal. See, e.g. Pardini v. Unilever U.S., Inc., 65 F.4th 1081, 1084–85 (9th Cir. 2023) ("the FDCA's preemption provision can preempt state law statutory and common law causes of action . . . to the extent those claims would directly or indirectly impose nutritional label requirements different than those prescribed by federal law").

Here, defendant, citing Singo v. Ricola USA, Inc., No. 22 Civ. 10369 (NSR), 2024 WL 196709, at *5 (S.D.N.Y. Jan. 18, 2024), argues plaintiff, who seeks to require defendant to "include the name of the drug, menthol" on the Product's front label (see Compl. ¶ 22), seeks to "impose additional labeling requirements . . . inconsistent with the FDCA and are therefore expressly preempted." (See Def.'s Mot. at 15:1–6.) In Singo, however, the plaintiff "d[id] not dispute" that the challenged product's packaging

4

1  "adhere[d]" to the FDCA's requirements– apparently, because the active ingredient's
2  established name, "menthol," although not listed on the front of the package, was listed
3  on the product's "back panel." See id., 2024 WL 196709, at *2. In the instant case,
4  however, plaintiff reads the FDCA and accompanying regulations to require the phrase
5  "menthol lozenge" on the front label. (See Pl.'s Opp'n. to Def.'s Mot. for Judgment on the
6  Pleadings ("Pl.'s Opp'n.") at 11:7–11, Doc. No. 25.) As set forth below, the Court agrees.

   Pursuant to 21 C.F.R. § 201.61, "[t]he principal display panel of an over-the-counter drug in package form shall bear as one of its principal features a statement of the identity of the commodity," see 21 C.F.R. § 201.61(a), which statement "shall be presented in boldface type," see 21 C.F.R. § 201.61(c), and "shall be in terms of the established name of the drug, if any there be, followed by an accurate statement of the general pharmacological category(ies) of the drug or principal intended action(s) of the drug," see 21 C.F.R. § 261.61(b). "The term principal display panel . . . means the part of a label that is most likely to be displayed, presented, shown, or examined under customary conditions of display for retail sale." See 21 C.F.R. § 201.60. The "established name" of a drug or ingredient is the applicable official name designated pursuant to [21 U.S.C. § 358]" or "if there is no such name and such drug or such ingredient is an article recognized in an official compendium, then the official title thereof in such compendium," 21 U.S.C. § 352(e)(1)(B)(3), the recognized compendiums being "the official United States Pharmacopoeia, official Homeopathic Pharmacopoeia of the United States, official National Formulary, or any supplement to any of them," see 21 U.S.C. § 321(j).

   Here, plaintiff cites the United States Pharmacopoeia ("USP") designation of "menthol lozenges" as the established name for drugs that "contain NLT 90.0% and NMT 125.0% of the labeled amount of Menthol ($C_{10}H_{20}O$), in a suitable molded base" (see Pl.'s Opp'n. at 10 n.3, citing United States Pharmacopoeia (2024)), and, at this stage of the proceedings, defendant does not argue to the contrary. Accordingly, given the above statutes and regulations, and, in particular, the definition of principal display panel and its required disclosures, the Court finds plaintiff's claims are not expressly preempted.

5

**B. Implied Preemption**

Although state law claims may not impose requirements that diverge from those imposed by the FDCA, a suit brought solely "because [the defendant's] conduct violates the FDCA . . . would be impliedly preempted." See Eidson v. Medtronic, Inc., 981 F.Supp.2d 868, 880–881 (N.D. Cal. 2013) (citing Buckman Co. v. Plaintiffs' Legal Comm'n., 531 U.S. 341, 352–53 n.4 (2001) (internal quotation, citation, and emphasis omitted). To avoid implied preemption "a claim based on conduct that violates the FDCA must rely on traditional state tort law principles which predate the relevant FDCA requirement." See Eidson, 981 F.Supp.2d at 880–881 (finding no implied preemption where allegations "would state a claim under state law even in the absence of the FDCA"); see also Meza v. Coty, Inc., No. 22-cv-05291-NC, 2023 WL 3082346, at *5 (N.D. Cal. Apr. 24, 2023) (applying implied preemption analysis to OTC drugs) (citing Buckman).

In light of such authority, plaintiff's claims, "to escape preemption," must fit in a "narrow gap". See Eidson, 981 F.Supp.2d at 881. He "must be suing for conduct that *violates* the FDCA (or else his claim is expressly preempted . . .), but [he] must not be suing *because* the conduct violates the FDCA ([as] such a claim would be impliedly preempted under Buckman)." See id., at 880–881 (internal quotation and citation omitted) (emphasis in original).[3] In that regard, a number of district courts have found that where, as here, the plaintiff alleges conduct that violates an FDCA requirement, such plaintiff's state law claims are not preempted. See, e.g. McFall v. Perrigo Co., No. 2:20-cv-07752-

---

[3] Wilson v. Colourpop Cosmetics, LLC, No. 22-cv-05198-TLT, 2023 WL 6787986 (N.D. Cal. Sept. 7, 2023) (finding state law claim based on makeup ingredients regulated by FDA impliedly preempted), on which defendant relies, is distinguishable on its facts. In Wilson, the claim "exist[ed] solely by virtue of FDCA requirements," as the plaintiff "allege[d] that the [p]roducts [were] defective because they contain[ed] [ingredients] that [were] not approved by the FDA." See id. at *8. Here, although plaintiff argues the Product does not comply with FDCA requirements, the harm alleged does not derive solely from a violation of the FDCA.

1  FLA (MRWx), 2021 WL 2327936, at *11 (Apr. 15, 2021) (finding California state law
2  claims based on misleading label not preempted because "claims [would] give rise to
3  actions, even in the absence of the FDCA"); see also Dayan v. Swiss-American Products,
4  Inc., 15 Civ. 6895 (DLI) (VMS), 2017 WL 9485702, at *8 (E.D.N.Y. Jan. 3, 2017) (finding
5  false advertising claim brought under New York law not preempted; noting "[e]ven if the
6  FDCA did not exist, [p]laintiff could credibly argue that" defendant's conduct was
7  "misleading").

Accordingly, the Court finds plaintiff's claims are not impliedly preempted.

## II.   Consumer Confusion

As noted, plaintiff alleges "[c]onsumers seeing the Product's front label will expect its cough suppressant and oral anesthetic functionality will be provided by its inactive herbal ingredients" rather than menthol, which provides the Product's functionality. (See Compl. ¶ 25.) As relevant to such allegation, the parties agree the "reasonable consumer" test applies (see Def.'s Mot. at 15:9–12; Pl.'s Opp'n. at 3:10–13), under which test, as explained in McGinty v. Procter & Gamble Co., 69 F.4th 1093 (9th Cir. 2023), a plaintiff must demonstrate "a significant portion of the general consuming public or of targeted consumers, acting reasonably under the circumstances, could be misled" by the language on the label. See id. at 1097.

Here, the Product's front label states the Product is "Made with Swiss Alpine Herbs," and contains illustrations of those herbs. (See Compl. ¶ 1.) Plaintiff does not dispute the presence of the depicted herbs in the Product but alleges the label's "emphasis on [the Product's] herbal ingredients, relative to itself and in the context of similar products and . . . failure to disclose, as required, the presence of menthol, causes consumers to expect these inactive herbal ingredients have a therapeutic benefit." (See id. ¶ 24.) Defendant acknowledges that the front label does not specify whether the herbs are active or inactive ingredients, but, pointing to the back panel, which discloses menthol as the Product's sole active ingredient and lists the herbs illustrated on the front label as inactive ingredients, argues such additional information "makes clear that the active

ingredient providing the cough suppressant and oral anesthetic functions is menthol" (see Def.'s Mot. at 18:14–16).

Where a front label is "unambiguously deceptive . . . the presence of fine print revealing the truth is insufficient to dispel that deception." See McGinty, 69 F.4th at 1098 (internal citation and quotation omitted). Here, plaintiff argues, the Product's label is "unambiguously deceptive," and, according to plaintiff, defendant should not "escape liability for its front label representations through its back label fine-print disclosures." (See Pl.'s Opp'n. at 7:22–25.) As defendant notes, however, where "a front label is ambiguous, the ambiguity can be resolved by reference to the back label." See McGinty, 69 F.4th at 1098–99. Here, as set forth below, the Court finds the challenged label is ambiguous.[4]

An "ambiguous" label is one that "could mean any number of things." See Slaten v. Christian Dior Perfumes, LLC, No. 23-cv-00409, 2023 WL 6959127, at *6 (N.D. Cal. Oct. 19, 2023) (finding use of "24H," i.e., 24-hour, on product's front label ambiguous because it could refer to cosmetic effects or sun protection; dismissing claims). In McGinty, the plaintiff claimed the use of the phrase "Nature Fusion" and the image of avocado leaves on the front label of a shampoo bottle misleadingly implied the shampoo was made of all-natural ingredients when it was made with a blend of natural and synthetic ingredients, as was disclosed on the back label. See McGinty, 69 F.4th at 1095–96. The Ninth Circuit found the front label was "ambiguous" because it did not "promise a product that is wholly natural," and that the phrase "Nature Fusion" could "mean any of a number of things." See id. at 1098.

In the instant action, Ricola likewise makes no representation on the Product's front label as to whether the herbs are active or inactive ingredients, and the images of

---

[4] The Court finds unavailing plaintiff's citation to Davis v. Ricola USA, Inc., No. 22-cv-3071, 2022 WL 4131588 (C.D. Ill. Sept. 12, 2022), wherein the district court, as to the same product as that at issue in the instant case, found the fact "[t]hat Ricola's back label may resolve the ambiguity [was] immaterial at the pleading stage." See id. at *4. Davis relied on Seventh Circuit law and predates the Ninth Circuit's decision in McGinty.

8

and textual references to the herbs could be interpreted by a reasonable consumer to mean either that the herbs are active ingredients or inactive ingredients. In the wake of McGinty, district courts have dismissed similar claims. See, e.g. Scruggs v. Mars, Inc., No. LA CV22-05617 JAK (AFMx) (C.D. Cal. Nov. 9, 2023) (dismissing claims where front label included images of cinnamon sticks along with the words "artificially flavored" and back label disclosed product contained no cinnamon); Dawson v. Better Booch, LLC, No. 23-cv-1091-DMS-DEB, 2024 WL 535882, at *3 (S.D. Cal. Feb. 9, 2024) (finding no deception where front label used "golden pear" as descriptor and back label disclosed product contained no pear juice).

Accordingly, the Court finds the front label is, at most, ambiguous, and, given the clarification provided by the back label's ingredients list, finds plaintiff's claims under California's Unfair Competition Law, False Advertising Law, and Consumers Legal Remedies Act are subject to dismissal.[5]

## CONCLUSION

For the reasons stated above, defendant's motion to for judgment on the pleadings is hereby GRANTED, and, as defendant has not shown leave to amend necessarily would be futile, plaintiff is hereby afforded such leave. If plaintiff wishes to file a First Amended Complaint to cure the above-noted deficiencies, he shall do so no later than May 22, 2024.

**IT IS SO ORDERED.**

Dated: April 30, 2024

MAXINE M. CHESNEY
United States District Judge

---

[5] In light of this finding, the Court does not reach herein the parties' respective arguments regarding plaintiff's standing to seek injunctive relief.